■ In the Matter of COTT CORPORATION, Respondent, v DAVE LEVINGER,

as President of the Soft Drink Workers Union Local 812, International Brotherhood of Teamsters, Appellant.—In a proceeding pursuant to CPLR article 75, *inter alia,* to vacate an arbitration award, the appeal is from so much of a judgment of the Supreme Court, Westchester County, dated January 27, 1978, as (1) modified the award by deleting therefrom the portion which granted back pay to a former employee of the petitioner and (2) confirmed the award as modified. Judgment reversed insofar as appealed from, on the law, with $50 costs and disbursements, application denied and award confirmed. On May 27, 1977 one Lindberg Hall, an employee of petitioner Cott Corporation (Cott), was discharged by Cott because he allegedly falsified his time card on three separate occasions, the last occurring on May 6, 1977. Pursuant to the provisions of the collective bargaining agreement in effect between Cott and the Soft Drink Workers Union Local 812 (Union), the matter of Hall's discharge was submitted to arbitration. The Union argued before the arbitrator that the discharge was not justified by the circumstances of the case and, further, that the collective bargaining agreement required that Hall be retained by Cott pending the determination of the arbitrator, thereby making his discharge prior to the arbitration improper. The arbitrator denied that portion of the Union's grievance which sought Hall's reinstatement, but directed Cott to pay to Hall lost wages for the period from his dismissal, May 27, 1977, to the date of the award, June 28, 1977. Cott then commenced the instant proceeding alleging that the arbitrator, in awarding back pay to Hall while at the same time denying reinstatement, had exceeded the scope of his authority under the collective bargaining agreement and had irrationally rewritten the agreement. Special Term agreed, and deleted the award of back pay to Hall, while sustaining Hall's discharge. It is our view that both the decision of Special Term and Cott's arguments rest upon a fundamental misinterpretation of the language of the arbitrator's award, and that no ground was presented upon which the court could properly modify the award. The pertinent provisions of the collective bargaining agreement between Cott and the Union are as follows: "ARTICLE 26: DISCHARGE: The FIRM may discharge any employee for dishonesty or drunkenness during hours of employment, and if the UNION disputes the employee's guilt of dishonesty or such drunkenness, it may refer such dispute to arbitration as provided for herein. * * * If any employee is charged with dishonesty or drunkenness during time of employment, he may be laid off immediately, but if later found not guilty, he shall be reinstated with back pay. If any employee be charged with any other dereliction he shall not be laid off pending the arbitration of his case." We concur with the view, as expressed by both Cott and Special Term, that these provisions restrict the authority of the arbitrator, in cases where an employee has been discharged due to dishonesty, to a determination as to whether the employee is guilty or not guilty. However, Cott has consistently argued, and Special Term has agreed, that the arbitrator found Hall "guilty" and consequently, Hall's summary discharge was proper. With this conclusion we do not agree. A review of the arbitrator's award reveals that the arbitrator sustained Cott's charges of time card falsification, at least as to the incident of May 6. However, the arbitrator went on to state: "As to the contention regarding summary dismissal * * * I am of the opinion that the basis for dismissal, as alleged by the Employer, did not constitute the grounds pursuant to which the Agreement allows summary dismissal." We can only view this statement as a finding by the arbitrator that the acts alleged by Cott did not constitute dishonesty. Thus, the arbitrator made two findings with respect to the question of "guilt": on the one hand he found

that Hall was guilty of committing at least certain of the acts alleged by Cott; on the other hand he found that the acts alleged were not acts of dishonesty and therefore Hall was not guilty of dishonesty. As Cott itself states in its brief, where the employer has summarily discharged an employee it is not sufficient to merely prove that the acts which it alleges to be acts of dishonesty were committed, but rather the employer must prove that acts were committed which were acts of dishonesty. There would appear to be no dispute that the question of what acts are dishonest is one for the arbitrator. The arbitrator found that Hall was "not guilty", as that term is used in article 26 of the collective bargaining agreement. Under these circumstances, there is no question that the arbitrator's award of back pay was proper. Indeed, the language of the collective bargaining agreement indicates that if there was any error in the arbitrator's award it involved the failure to reinstate Hall after exonerating him of dishonesty. Since such an error is not prejudicial to Cott, it has no cause to complain about the arbitrator's award. Accordingly, the award must be reinstated. Hopkins, J. P., Margett and Hawkins, JJ., concur; Martuscello and Latham, JJ., dissent and vote to affirm the judgment on the opinion of Mr. Justice Sirignano at Special Term.